<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| OSCAR RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF NEW JERSEY, *et al.*,<br><br>Defendants. | Civil Action No. 25-12410 (SDW) (JBC)<br><br>**WHEREAS OPINION & ORDER**<br><br>March 30, 2026 |

**WIGENTON, District Judge.**

**THIS MATTER** having come before this Court upon Plaintiff Oscar Ramirez's ("Plaintiff") filing of a prisoner civil rights complaint, (D.E. 1 ("Complaint")), and his application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2), (D.E. 1-1 ("IFP application")), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure ("Rule") 12(b)(6); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit that states all income and assets, that the plaintiff is unable to pay the filing fee, the nature of the action, and the "belief that the [plaintiff] is entitled to redress." 28 U.S.C. § 1915(a)(1). When the plaintiff is a prisoner, he or she must also "submit a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); and

1

**WHEREAS** Plaintiff's IFP application establishes his financial eligibility to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a) and will be granted; and

**WHEREAS** upon the filing of an IFP application, the court may screen the complaint and dismiss the action *sua sponte*, upon determining that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  *Pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); and

**WHEREAS** a claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must apprise the defendant with "fair notice of what the claim is and the grounds upon which it rests," containing "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Courts apply the same standard under Federal Rule of Civil procedure 12(b)(6) to *sua sponte* dismiss a complaint for failure to state a claim.  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *see Iqbal*, 556 U.S. at 678; and

**WHEREAS** Plaintiff's Complaint fails to state a claim upon which relief can be granted. This Court takes judicial notice, under Federal Rule of Evidence 201(b), that a final judgment of conviction[1] was entered against Plaintiff in New Jersey Superior Court, Hudson County, on June 27, 2025 following Plaintiff's guilty plea to one count of first-degree kidnapping in violation of

---

[1]   Available at New Jersey Courts, Criminal Judgments Public Access, https://portal.njcourts.gov/webe41/jocpa_internet/jsp_public/tomodule.joc?prefix=/view&page=/search/validatePub.joc&method=searchJOCPub (last visited March 27, 2026).

N.J. Stat. Ann. § 2C:13-1(b)(1) and one count of first-degree aggravated sexual assault contra N.J. Stat. Ann. § 2C:14-2(a)(3); and

**WHEREAS** on June 26, 2025, Plaintiff filed the instant lawsuit against Defendants the Superior Court of New Jersey, Hudson County Courthouse ("the Superior Court"); the Honorable Mitzy Galis-Melendez ("Judge Galis-Melendez"); the Hudson County Prosecutor's Office; John Mulkeen, retired Assistant Prosecutor; the State of New Jersey; the Office of the Public Defender; and Christopher Godin, Assistant Deputy Public Defender.  (D.E. 1.)  Plaintiff complains of delays in his state court case and claims the Superior Court and Judge Galis-Melendez were aware of issues between Plaintiff and his former attorney, Defendant Godin, but still proceeded with his case, in violation of Plaintiff's Sixth and Fourteenth Amendment rights.  (D.E. 1 at 3); and

**WHEREAS** upon review, Plaintiff's Complaint is conclusory.  Plaintiff merely names the Sixth and Fourteenth Amendments; it is unclear to this Court what particular rights were allegedly violated by Defendants, let alone how said rights were violated; therefore

**IT IS**, on this 30th day of March 2026,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (D.E. 1-1) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff shall have thirty (30) days to amend his complaint; and it is further

**ORDERED** that summons **shall not** issue at this time; and it is further

**ORDERED** that the time to serve process under Fed. R. Civ. P. 4(m) is hereby extended to the date 90 days after this Court permits the Complaint to proceed; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of South Woods State Prison; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation; and it is further

**ORDERED** that the Administrator of South Woods State Prison or other appropriate official shall assess an initial payment of 20% of the greater of (a) the average monthly deposits to plaintiff's account; or (b) the average monthly balance in plaintiff's account for the six-month period immediately preceding the filing of the complaint.  The warden, or his or her designee, shall calculate, collect, and forward the initial payment assessed in this order to the Clerk of the Court within 21 days of this Order; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 577 U.S. 82, 89–90 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce,* until the $350.00 filing

4

fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

**SO ORDERED**.

___/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
       James B. Clark, U.S.M.J.

5